[No. 18618. Department One. July 18, 1924.]

FRED SCHNEIDMILLER et al., Appellants, v. TACOMA RAILWAY AND POWER COMPANY, Respondent.[1]

TRIAL (14)—CONDUCT OF TRIAL—REMARKS OF JUDGE—COMMENT ON EVIDENCE. It is not unlawful comment on the evidence for the court to observe and inquire as to the testimony of a witness touching his qualification to testify as to the speed of a street car some time after it had passed from view, that being a question for the judge to decide.

APPEAL (277)—REVIEW—NECESSITY AND CONTENTS OF BILL OF EXCEPTIONS—CONDUCT AND ARGUMENT OF COUNSEL. Error cannot be assigned upon improper conduct and argument of counsel before the jury, where the claimed prejudicial remarks are preserved in the record only in a paper entitled "Bill of Exceptions" signed by appellant's counsel, and endorsed, "The foregoing exceptions allowed" signed by the judge; where they were not included in the statement of facts thereafter prepared and certified by the trial judge in the form required by Rem. Comp. Stat., § 391.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered March 10, 1923, upon the verdict of a jury rendered in favor of the defendant, in an action for wrongful death. Affirmed.

P. L. Pendleton, for appellants.

F. D. Oakley and L. L. Thompson, for respondent.

[1]Reported in 227 Pac. 853.

PARKER, J.—The plaintiffs seek recovery of damages claimed for the death of their minor child, caused by the alleged negligence of the defendant in the operation of one of its street cars, in the city of Tacoma. A trial in the superior court for Pierce county sitting with a jury resulted in a verdict and judgment rendered thereon in favor of the defendant, from which the plaintiffs have appealed to this court.

Just before the happening of this unfortunate accident, one of the company's street cars was proceeding west on south 23rd street, approaching the crossing of Wilkeson street. As the street car was about at the west side of that crossing, the child ran suddenly in front of the street car and was struck and injured by it; from which injury the child died. Immediately preceding the striking of the child by the street car, the motorman "dynamited" the car, which means the using of extreme emergency measures in stopping it. The jury's verdict absolved the motorman from all blame for the death of the child. While 23rd street runs east and west at the crossing of Wilkeson street, one block to the east of that crossing at Alaska street there is a pronounced reverse curve in 23rd street, easterly of which the street bears somewhat to the north, so that one who may be on 23rd street east of that crossing and curve cannot see west along the street beyond that crossing and curve. One block east of Alaska street and the curve, there is Ainsworth avenue crossing; and one block farther east, there is Cushman avenue crossing. These several crossings are approximately three hundred feet apart.

The principal contention here made in behalf of the plaintiffs is that the trial court erred to their prejudice in commenting on the testimony of one Beisel, who was one of the witnesses upon the question of the speed

of the street car. Beisel was driving westerly on 23rd street in his automobile when the street car overtook and passed him at about the Cushman avenue crossing; that is, two blocks east of the curve at the Alaska street crossing and three blocks east of the Wilkeson street crossing where the accident occurred a few minutes later. He testified as to the speed of the street car while it was within his view as he proceeded westerly. Whether or not he was in fact within view of the street car at the time of and immediately preceding the accident, so as to qualify him to testify as to its speed at that time, was a question which the trial judge manifestly had in mind when he made the claimed prejudicial comment. This occurred during the examination of Beisel by counsel for the plaintiffs as follows:

"Mr. Pendleton: Q. Had the street car at the time you saw it there when he dynamited it, had it slackened its speed? A. No, sir. The Court: Well, now isn't it quite apparent? Didn't he testify that he had not seen the car from the time it went out of sight, that he had not seen it all the way down the line? Mr. Pendleton: No. He testified that he came in sight of it again at Alaska Street, if I remember his testimony. Q. Was that your testimony yesterday? A. Yes; that I came in sight of the street car at Alaska street. Mr. Oakley: That is what he said. Mr. Pendleton: Q. Then at what rate of speed do you think it was traveling when you came in sight of it at the time it was dynamited? A. Traveling at the same rate it had been traveling. Q. About what was that? A. Well, about twenty-five, something like that."

The remarks of the court above quoted are the claimed prejudicial remarks as a comment upon Beisel's testimony. We think the court's remarks did not amount to a prejudicial comment within the meaning of the constitutional prohibition. The remarks

were but an inquiry and observation of the judge touching the qualification of Beisel to testify as to the speed of the car at that particular time, a question for the judge to decide.

It is further contended in behalf of the plaintiffs that counsel for the defendant was guilty of misconduct in the making of certain prejudicial remarks in his argument to the jury. We are unable to determine from the record before us as to whether or not the remarks complained of were in fact made by counsel for defendant. The alleged remarks do not come to us in any bill of exceptions or statement of facts certified to by the trial judge as required by statute. We find the claimed prejudicial remarks only in a paper filed in the cause, signed by counsel for the plaintiffs, entitled "Bill of Exceptions," and an endorsement upon that paper as follows: "The foregoing exceptions allowed," followed by the signature of the judge. This is not certifying, as required by § 391, Rem. Comp. Stat. [P. C. § 7819], that the remarks claimed by counsel for the defendant to have been made "are matters and proceedings occurring in the cause." The so-called bill of exceptions was filed by counsel for the plaintiffs before the disposition of the motion for a new trial and the rendering of final judgment in favor of the defendant. Thereafter a statement of facts was certified by the trial judge in form as prescribed by § 391, in which no mention is made of the claimed prejudicial remarks of counsel for the defendant.

Some other contentions are made and very briefly argued that the trial court erroneously ruled in refusing to give certain requested instructions and in giving certain other instructions. We think it sufficient to say that these claims of error are not well founded.

The instructions given were manifestly full and fair, and those requested were given in substance by the trial court.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.